Núm. 1204.—Porto Rico Railway, Light & Power Co., peticionaria, *v.* Corte, dmdada.—▮▮▮▮▮▮▮▮▮▮ Febrero 23, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, el juez de distrito en su relación de hechos, opinión y resolución absolviendo a los querellados del supuesto desacato imputádoles ha expresado la absoluta certeza en que estaba de que los editoriales que dieron lugar al procedimiento de desacato no habían tenido en el ánimo de la corte el efecto que les atribuyó la peticionaria, sin que tengamos motivo alguno para dudar de la veracidad y sinceridad de tal manifestación.

Por cuanto, la verdadera cuestión en el procedimiento de desacato, como acertadamente arguye la peticionaria en el alegato acompañado a su solicitud para que se expida un auto de *certiorari*, no se refiere al efecto que hayan producido en la mente del juez de distrito los dos editoriales de que se queja la peticionaria, sino más bien la tendencia que tenían o podían tener a influir en la mente del juez, atendida la posibilidad de obstaculizar la debida administración de justicia, pero aparte e independientemente de cualquier resultado de hecho producido o no en el caso principal y en tal

virtud nos parece insostenible la teoría de la peticionaria de que una vez resuelto el pleito principal en su fondo sería académica la cuestión envuelta en el procedimiento de *certiorari*.

Por cuanto, en todo caso. no podemos asumir con la peticionaria que una resolución definitiva por esta corte, confirmando o revocando la resolución de la corte de distrito en el procedimiento de desacato, tendría el efecto de cambiar sustancialmente el efecto, sea cual fuere, ya producido en la mente del juez de distrito por los referidos editoriales.

Por cuanto, no aparece que hasta ahora durante el mes que ha transcurrido desde la fecha de la resolución del juez de distrito en el procedimiento de desacato dictada en enero 24, los querellados en dicho procedimiento hayan seguido publicando editoriales de la misma naturaleza, ni podemos asumir con la peticionaria que dichos querellados seguirán publicando semejantes editoriales durante el curso del pleito principal y .pendiente la tramitación y posible resultado de una apelación de la referida resolución de la corte de distrito.

Por cuanto, por otro lado, si los querellados persisten en la publicación de tales editoriales quedarán expuestos a otros tantos procedimientos de desacato, en los cuales la peticionaria tendría motivos más poderosos para solicitar un auto de *certiorari* o tantos autos de *certiorari* como fuesen necesarios en el caso de una o más resoluciones adversas en la corte de distrito.

Por cuanto, examinada la documentación acompañada a la petición de *certiorari,* nos parece razonable concluir que si la peticionaria hubiera apelado inmediatamente de la resolución de la corte de distrito y hubiera gestionado activamente la tramitación de dicha apelación, habría podido dentro del período de tiempo ya transcurrido desde la fecha de la referida resolución, radicar en la Secretaría de este tribunal la transcripción de autos acompañada de su alegato, y fundándose en los mismos motivos en que se basa para pedir un auto de *certiorari,* solicitar del tribunal el señalamiento inmediato del caso, dándosele así al mismo preferencia sobre otros casos de menos urgencia si es que el recurso merece tal preferencia.

Por cuanto, la verdadera importancia del caso estriba, a nuestro juicio, no tanto en el resultado dudoso que nuestra decisión pudiera producir en el pleito de expropiación forzosa, sino en el precedente que quedaría establecido, y siendo como es la cuestión envuelta una que exige cuidadosa consideración, estando como está

el pleito principal listo ya para juicio y siendo como es este tribunal uno colegiado,—aunque asumiéramos con la peticionaria que los querellados tienen el propósito de continuar y continuarán publicando editoriales tendentes a influir en el ánimo del juez de distrito, y además que si fuese expedido un auto de *certiorari*, el resultado sería favorable a la peticionaria—sería difícil e improbable que este tribunal, con o sin abandonar el estudio de otros casos ya vistos y sometidos, pudiera dictar sentencia inmediatamente después de la vista o dentro de un período suficientemente corto después de dicha vista, para impedir que los querellados siguiesen publicando tales editoriales, pendiente la decisión del juez de distrito en dicho pleito principal.

Por TANTO, no ha lugar a la reconsideración solicitada.

En los siguientes casos, a propuesta de sus distintos Jueces, se declaró no haber lugar a las reconsideraciones interesadas:

Núms. 188[1], 190[1], 337[2], 1204[3], 1213[3], 7785, 7807, 7828, 7832, 7877, 7906, 7932, 7950, 7994, 7998, 8025, 8055, 8057, 8115, 8129, 8138. 8139, 8170 y 8171.